OAMCO, Appellant, *v.* Lindley, Tax Commr., Appellee.

[Cite as OAMCO *v.* Lindley (1987), 29 Ohio St. 3d 1.]

(No. 85-1114—Decided February 2, 1987.)

*Knepper, White, Arter & Hadden* and *R. Douglas Wrightsel,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee.

1

*Murphey, Young & Smith* and *Joseph C. Winner,* urging reversal for *amicus curiae,* Barber-Greene Co.

*Knepper, White, Arter & Hadden* and *Michael P. Mahoney,* urging reversal for *amicus curiae,* Flexible Pavements, Inc.

DOUGLAS, J. On November 26, 1986, this court, on rehearing, decided the within cause. Appellee has now filed an additional motion for rehearing contending that the scope and effect of our ruling with regard to the prospective application of the decision is unclear and thereby presents the Tax Commissioner with difficulty in implementing our ruling uniformly and fairly.

Finding several of the points made by the commissioner to be well-taken, the court treats appellee's motion for rehearing as a motion for clarification and grants the motion.

Upon due consideration of the motion for clarification, it is the order of this court that the following paragraph from the November 26, 1986 decision, as reported at 27 Ohio St. 3d 7, at 9-10, 27 OBR 427, at 429, 500 N.E. 2d 1379, at 1381-1382, be deleted—

"Finally, we conclude that in view of the strong public policy considerations supporting the finality of judicial and quasi-judicial pronouncements, today's decision shall, with the exception of the subject litigants, only receive prospective application. Accordingly, the validity of other decisions by the Board of Tax Appeals, rendered prior to the date of this decision, shall not be affected. Accord *Schucker* v. *Metcalf* (1986), 22 Ohio St. 3d 33, 39; *Hoover* v. *Bd. of Franklin Cty. Commrs.* (1985), 19 Ohio St. 3d 1, 7"—

and that the following paragraph be substituted therefor:

"Consistent with the broad authority of state courts to determine whether their decisions shall operate prospectively only, as recognized by the United States Supreme Court in *Great Northern Ry. Co.* v. *Sunburst Oil & Refining Co.* (1932), 287 U.S. 358, the court hereby declares that its decision in this case shall, with the exception of the subject litigants, only receive prospective application to transactions occurring subsequent to the date of the issuance of the decision on rehearing. Accordingly, this decision will have no application to transactions occurring prior to this date, regardless of whether such transactions were the subject of litigation pending before any administrative body or court as of the above-noted date."

In all other respects, the cause shall remain as reported at 27 Ohio St. 3d 7, 27 OBR 427, 500 N.E.2d 1379.

*Order accordingly.*

SWEENEY, LOCHER, HOLMES and WRIGHT, JJ., concur.

MOYER, C.J., and H. BROWN, J., not participating.