**86-1976.** State v. Bedford. *Hamilton County,* No. C-840850. Reported at 39 Ohio St. 3d 122, 529 N.E. 2d 913. On motion for rehearing. Rehearing denied.

Sweeney, Wright and H. Brown, JJ., dissent.

**87-1363.** Fox v. Lakewood. *Cuyahoga County,* No. 52354. Reported at 39 Ohio St. 3d 19, 528 N.E. 2d 1254. On motion for rehearing. Rehearing denied.

**88-1087.** Akron v. Bilder. *Summit County,* No. 13369. Reported at 38 Ohio St. 3d 723, ____ N.E. 2d ____. On motion for rehearing. Rehearing denied.

**88-1092.** State v. Maurer. *Stark County,* No. CA-7253. Reported at 39 Ohio St. 3d 710, ____ N.E. 2d ____. On motion for rehearing. Rehearing denied.

## DISCIPLINARY DOCKET

**D.D. 87-6.** Disciplinary Counsel v. Dodge. This cause came on for further consideration upon the filing of an application for reinstatement to the practice of law by respondent, Carter Rodney Dodge.

The court coming now to consider its order of August 19, 1987 (see [1987], 32 Ohio St. 3d 118, 512 N.E. 2d 650), suspending respondent Carter Rodney Dodge from the practice of law for a period of two years pursuant to Rule V, Section 7(c) of the Supreme Court Rules for the Government of the Bar of Ohio, one year of which suspension was stayed, and placing respondent on probation with conditions for five years from the date of the order, finds that respondent has complied with that order to date and with the provisions of Section 24 of Rule V of the Supreme Court Rules for the Government of the Bar of Ohio. Upon consideration thereof, IT IS ORDERED that Carter Rodney Dodge be, and hereby is, reinstated to the practice of law in the state of Ohio, on the following conditions: (1) respondent shall continue to abstain from the use of beverage alcohol; (2) respondent shall remain an active member of Alcoholics Anonymous; (3) respondent shall make full restitution to the Clients' Security Fund of Ohio for claims awarded and paid out by said fund to persons damaged by respondent's prior misconduct; and (4) respondent shall continue to be monitored during the remainder of the term of his probation to insure his compliance with the aforementioned conditions.

Moyer, C.J., Sweeney, Locher, Holmes, Douglas, Wright and H. Brown, JJ., concur.

**D.S. 88-5.** In re Rubenstein. Pursuant to the provisions of Gov. Bar R. V, Section 9(a)(iii), Walter H. Rubenstein is hereby suspended from the practice of law for an indefinite period.

## MISCELLANEOUS DISMISSALS

**88-891.** State v. Bays. *Franklin County,* No. 88AP-194. *Sua sponte,* cause dismissed for want of prosecution, effective November 3, 1988.

**88-1157.** State v. Curnutte. *Lorain County,* Nos. 4189 and 4198. *Sua sponte,* cause dismissed for want of prosecution, effective November 3, 1988.

**88-1311.** State v. Churchill. *Franklin County,* No. 87AP-865. *Sua sponte,* cause dismissed for want of prosecution, effective November 3, 1988.

**88-1365.** Central Transport, Inc. v. Blake Steel Service, Inc. *Butler County,* Nos. CA87-10-136 and CA87-11-144. *Sua sponte,* cause dismissed for want of prosecution, effective November 2, 1988.

**88-1500.** State v. Jefferson. *Summit County,* No. 13715. *Sua sponte,* cause dismissed for want of prosecution, effective November 3, 1988.

**88-1581.** Patterson v. Manufacturers Life Ins. Co. *Cuyahoga County,* No. 53938. *Sua sponte,* cause dismissed for want of prosecution, effective November 3, 1988.

**88-1612.** State v. Williams. *Hamilton County,* No. C-870384. *Sua sponte,* cause dismissed for want of prosecution, effective November 3, 1988.

**88-1616.** State v. Whipple. *Wayne County,* No. 2353. *Sua sponte,* cause dismissed for want of prosecution, effective November 3, 1988.