CITY OF ROCKY RIVER, APPELLANT, *v.* STATE EMPLOYMENT RELATIONS BOARD ET AL., APPELLEES.

[Cite as Rocky River *v.* State Emp. Relations Bd. (1988), 40 Ohio St. 3d 606.]

(No. 87-157—Submitted December 13, 1988—Decided December 22, 1988.)

*Calfee, Halter & Griswold, Mark I. Wallach, William E. Coughlin, John E. Gotherman* and *Russell A. Olson,* law director, for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Joseph M. Oser,* for appellee State Employment Relations Board.

*Joseph W. Diemert, Jr. & Associates Co., L.P.A., Joseph W. Diemert, Jr.* and *William F. Schmitz,* for appellee Rocky River Firefighters Assn., Local 695.

*Berkman, Gordon, Murray & Palda* and *George W. Palda,* for appellee AFSCME Ohio Council 8.

MOYER, C.J. Appellees have suggested in their memoranda in support of motions for rehearing and/or clarification that the majority opinion strayed from the issue presented by the appeal. They contend that the majority has declared that the enforcement of grievance arbitration awards as provided in R.C. 4117.09(B)(1) is unconstitutional. Appellees are mistaken. That issue was not raised, was not considered, and was not decided in the majority opinion. (See 39 Ohio St. 3d 196, 530 N.E. 2d 1.)

Because R.C. 4117.14(I) was declared unconstitutional, it was necessary to review the remainder of R.C. Chapter 4117 to determine whether other sections of the chapter needed to be declared invalid or modified in view of our narrow holding. We declared R.C. 4117.14(H) to be invalid because it gave the common pleas courts jurisdiction to review awards produced by binding arbitration that could no longer be made in view of our decision.

When we reviewed the language of R.C. 4117.09(B)(1), we observed that the last sentence in that subsection states: "A party to the agreement may bring suits for violation of agreements or the enforcement of an award by an arbitrator in the court of common pleas of any county wherein a party resides or transacts business." If one considers that the words "conciliator" and "arbitrator" are sometimes used interchangeably and if one reads the words "the agreement" to be "any collective bargaining agreement" referred to in subsection (A), then it could be argued that a party to an agreement such as the agreement before us in this case could bring a suit for enforcement of "an award" made by a conciliator pursuant to R.C. 4117.14(I). Since such an application of the last sentence of R.C. 4117.09(B)(1) would be inconsistent with our holding with respect to subsection (I), we therefore indicated that to the extent that R.C. 4117.09(B) would permit enforcement of the type of award that was at issue in this case, it is of no effect.

It was not our intent to hold and we, in fact, did not hold that the last sentence of R.C. 4117.09(B)(1) is invalid as it relates to the grievance pro-

cedure referred to in the first sentence of R.C. 4117.09(B)(1).

In all other respects, the motions for reconsideration and clarification are overruled as they have raised no germane arguments that were not considered by the court in the disposition of appellant's appeal.

*Judgment accordingly.*

LOCHER, HOLMES and WRIGHT, JJ., concur.

SWEENEY, DOUGLAS and H. BROWN, JJ., dissent and would grant a rehearing of all issues in this cause.