CITY OF ROCKY RIVER, APPELLANT, *v.*
STATE EMPLOYMENT RELATIONS BOARD ET AL., APPELLEES.

[Cite as Rocky River *v.* State Emp. Relations Bd. (1989), 41 Ohio St. 3d 602.]

(No. 87-157—Submitted January 17, 1989—Decided February 10, 1989.)

*Calfee, Halter & Griswold, Mark I. Wallach, William E. Coughlin, John E. Gotherman* and *Russell A. Olson,* law director, for appellant.

*Joseph W. Diemert, Jr. & Associates Co., L.P.A., Joseph W. Diemert, Jr.* and *William F. Schmitz,* for appellee Rocky River Firefighters Assn., Local 695.

*Paul L. Cox* and *Kay E. Cremeans,* in support of motion, for *amicus curiae,* Fraternal Order of Police of Ohio, Inc.

*Cloppert, Portman, Sauter, Latanick & Foley, Robert W. Sauter* and *Russell E. Carnahan,* in support of motion, for *amicus curiae,* Fraternal Order of Police, Capital City Lodge No. 9.

*Conway, Barclay, Deyo & Kurant Co., L.P.A.,* and *Donald K. Barclay,* in opposition to motion, for *amicus curiae,* Ohio Municipal League.

*Kelley, McCann & Livingstone* and *Stephen M. O'Bryan,* in opposition to motion, for *amicus curiae,* Ohio Municipal Attorneys Assn.

The motion for reconsideration is granted as to all issues in this cause. See (1988), 39 Ohio St. 3d 196, 530 N.E. 2d 1, and (1988), 40 Ohio St. 3d 606, 533 N.E. 2d 270. Case to be decided on the merit briefs previously filed. No oral argument.

SWEENEY, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

H. BROWN, J., concurring. Ordinarily we do not write in procedural matters, and I would not in this instance, but for one dissent which lays a false claim to the benefit of precedent, fails in a tortuous attempt to distinguish *Joseph* v. *Dever* (case No. 86-1688), and inaccurately states the facts of record.

First, the motion for reconsideration at issue was filed within ten days of the *final* decision in this case. The motions for rehearing filed on November 14, 1988 were granted in part. A clarification was issued on December 22, 1988. Thus the opinion of this court was not finalized until December 22, 1988. The motion before us was filed on January 3, 1989. While this may *appear* to be more than ten days after the decision, such is not the case. January 1 fell on Sunday and January 2 was a legal holiday (New Year's Day). Thus the ten-day period which would seemingly have expired on January 1 was extended (in accordance with the law) to January 3, the date the motion was filed.

Second, *Joseph* v. *Dever, supra,* cannot be distinguished. A denial of a motion to certify adjudicates the dispute between the parties every bit as much as a decision by this court on the merits. Our rules make no separate

provision for motions to rehear decisions on motions to certify.

Such motions fall under Section 1, Rule IX, and must be filed within ten days of the decision.[1] Surely no one can embrace the logical result of the reasoning contained in one of the dissents — that there is no rule and no time limitation upon the reconsideration of our decisions on motions to certify. In *Joseph* v. *Dever, supra,* an author of one of today's dissents voted for not only a second motion to reconsider but also a *third.* Further (unlike the present case), there was no intervening decision by the court to trigger an additional period of time for the filing of the *Dever* motions.

Third, when one dissent labels the present case unprecedented, the dissent fails to recognize the court's history. This court and its predecessors have reversed decisions after the denial of a motion to rehear. Such was the case in *Wisniewski* v. *Wisniewski* (1985), 20 Ohio St. 3d 20, 20 OBR 137, 485 N.E. 2d 248 (rehearing denied on October 23, 1985; rehearing granted, case allowed, and case reversed by a vote of five to one on October 30, 1985).

In *OAMCO* v. *Lindley* (1987), 29 Ohio St. 3d 1, 29 OBR 122, 503 N.E. 2d 1388, this court, without dissent, took action on a motion for rehearing after a first motion for rehearing had been ruled upon. In that case, we said:

"On November 26, 1986, this court, on rehearing, decided the within cause. Appellee has now filed an additional motion for rehearing contending that the scope and effect of our ruling with regard to the prospective application of the decision is unclear and thereby presents the Tax Commissioner with difficulty in implementing our ruling uniformly and fairly.

"Finding several of the points made by the commissioner to be well-taken, the court treats appellee's motion for rehearing as a motion for clarification and grants the motion." *Id.* at 2, 29 OBR at 122, 503 N.E. 2d at 1389. See *OAMCO* v. *Lindley* (1986), 27 Ohio St. 3d 7, 27 OBR 427, 500 N.E. 2d 1379.

Further, in *Newsome* v. *Newsome* (case No. 85-819), a rehearing was denied on August 30, 1985. A motion to "amend" the motion for rehearing was made on August 30, 1985. The author of one of today's dissents saw no problem in voting to grant a motion to "amend."

*Viock* v. *Stowe-Woodward Co.* represents yet another instance in which we (by allowing certiorari under a different case number) in effect reconsidered a case after denial of a motion for rehearing (see case Nos. 86-729, 86-2048, 87-220).

The fact is that no precedent governs the procedural matter which is before us. One dissent cites no case which holds that the action taken here is unlawful or improper.[2] There is

---

[1] Though there is a dearth of case authority on the point, Ohio Jurisprudence interprets the rule in this fashion and not as espoused by the dissent. 23 Ohio Jurisprudence 3d (1980) 38, Courts and Judges, Section 426.

[2] That we have denied a number of motions for reconsideration, including several motions for second reconsideration as enumerated in the dissent, is not precedent for an assertion that such motions must be denied. In fact we voted upon (and thus considered) every one of the enumerated determinations. That is the sole precedential value of those determinations. To argue that denial of a motion in an unrelated case is precedent for denial of the motion here is as illogical as to argue that by denying fifteen straight jurisdictional motions, we somehow set a precedent that all jurisdictional motions are to be denied.

nothing unlawful in the grant of a motion which is pending before us, where the grant expresses the will of a majority of the justices sworn to office on this court.

A final point is to be made, which perhaps best identifies the animus which informs one dissent in the present case. A change in the court took place between the decision on December 22, 1988 and the motion for reconsideration filed on January 3, 1989. Recognizing this change, one dissent states: "The decision of the majority here is very disturbing to me in that it unlawfully overturns a determination upon major issues made by the majority of the court as constituted last term. More specifically, this later pronouncement of the court will undoubtedly lead to a position significantly at odds with the stance of one member of the prior majority who is no longer present to articulate his position." The dissenter, if disturbed by such a prospect, should not ignore the history of 1986-1987. Examination of the rehearing docket for early 1987 reveals that on fifteen occasions members of the new court voted to rehear determinations "lawfully" made by the previous court in 1986.[3] In 1987 the justices who dissent

---

[3] Case No. 85-865, *In re Estate of James F. White, Sr. et al.* v. *Ohio Department of Taxation,* rehearing denied, Holmes, Douglas and Wright, JJ., voting for a rehearing. In this case the ten-day filing limitation on motions for reconsideration was ignored.

Case No. 86-1405, *Dome Energicorp* v. *Zoning Board of Appeals, Olmsted Township, et al.,* rehearing denied, Moyer, C.J., Douglas and Wright, JJ., voting for a rehearing. In this case the ten-day filing limitation on motions for reconsideration was ignored.

Case No. 85-1808, *Rita S. Fuchsman, Admx. Estate of Roy W. Whisler* v. *Dallas & Mavis Fwd. Co.,* rehearing denied, Moyer, C.J., Holmes and Wright, JJ., voting for a rehearing.

Case No. 86-229, *Transamerica Insurance Co. et al.* v. *Charles Richard Taylor, Sr. et al.,* rehearing granted, Moyer, C.J., Sweeney, Holmes, Douglas and Wright, JJ., voting for a rehearing.

Case No. 85-1768, *Ohio State Racing Commission* v. *Racing Guild of Ohio et al.,* rehearing denied, Moyer, C.J., Holmes and Wright, JJ., voting for a rehearing.

Case No. 86-152, *Anilas, Inc.* v. *Elvira Kern et al.,* rehearing granted, Moyer, C.J., Holmes, Douglas and Wright, JJ., voting for a rehearing. The original Supreme Court decision was subsequently reversed on the merits. See (1986), 28 Ohio St. 3d 165, 28 OBR 257, 502 N.E. 2d 1025, and (1987), 31 Ohio St. 3d 163, 31 OBR 366, 509 N.E. 2d 1267.

Case No. 86-1688, *Ronald G. Joseph et al.* v. *Michael L. Dever et al.,* rehearing denied, Moyer, C.J., Holmes and Douglas, JJ., voting for a rehearing.

Case Nos. 86-525, 86-270, *Office of Consumers' Counsel* v. *Public Utilities Commission of Ohio,* rehearing allowed, Moyer, C.J., Holmes, Douglas and Wright, JJ., voting for a rehearing. The original Supreme Court decisions were subsequently reversed (case No. 86-525), and reversed in part (case No. 86-270) on the merits. See (1987), 32 Ohio St. 3d 263, 513 N.E. 2d 242.

Case No. 86-784, *New Energy Company of Indiana* v. *Joanne Limbach, Tax Commissioner, et al.,* rehearing granted, Moyer, C.J., Holmes, Douglas and Wright, JJ., voting for a rehearing. The original Supreme Court decision was subsequently reversed on the merits. See (1987), 32 Ohio St. 3d 206, 513 N.E. 2d 258. Interestingly, this case went on to the United States Supreme Court which found by a vote of nine to zero that the original Ohio Supreme Court decision was the correct one. See (1988), 486 U.S. ___, 100 L. Ed. 2d 302, 108 S. Ct. 1803.

Case No. 86-205, *Ed Stinn Chevrolet, Inc.* v. *National City Bank,* rehearing allowed, Moyer, C.J., Sweeney, Holmes, Douglas and Wright, JJ., voting for a rehearing. See (1986), 28 Ohio St. 3d 221, 28 OBR 305, 503 N.E. 2d 524, and (1987),

today did not approve of earlier court determinations and set about to overturn them in (when compared to this year's transition) a somewhat wholesale fashion.[4] Precedent (whether in substantive or procedural matters) is not a rationalization to be turned on and off to suit the whim of the beholder.

SWEENEY and RESNICK, JJ., concur in the foregoing opinion.

MOYER, C.J., dissenting. I concur in the thrust of the dissent of Justice Holmes; however, I believe the reference to *"stare decisis"* is premature, as no decision of the court changing the opinion in the case has been voted or announced.

It is also appropriate to set forth several significant facts that distinguish from this case the votes for rehearing in the cases referred to in footnote 3 of Justice Brown's concurrence in which rehearings of merit decisions were granted:

1. In none of those cases was the motion before the court a motion to reconsider the denial of a motion to rehear a merit decision. All motions filed in those cases were motions to rehear a decision of the court on the merits, and were filed pursuant to Section 1, Rule IX of the Rules of Practice of the Supreme Court of Ohio.

2. The votes of "Moyer, C.J." to rehear those cases that had been decided just prior to his becoming a member of this court were based upon the extraordinary and unprecedented circumstances under which those cases were selected for oral argument, in violation of Section 1, Rule VII of the Rules of Practice of the Supreme Court of Ohio; were decided and announced during the last two months of the court session in 1986; and were the source of opinions of such low quality that in at least one of the cases two opposing parties requested a reconsideration or clarification of the court's opinion.

3. Although voting that rehearings should be granted in the cases cited by Justice Brown, "Moyer, C.J." did not participate in the rehearing of the merits in any of those cases.

Finally, perhaps the most important conclusion to be drawn from the most recent vote in this case and all that has been written about that vote is that we should adopt a judicious and rational written procedure for the disposition of motions that are filed under the circumstances of the motion filed herein and those referred to in Justice Brown's concurrence.

WRIGHT, J., concurs in the foregoing dissenting opinion.

HOLMES, J., dissenting. I strongly

---

31 Ohio St. 3d 150, 31 OBR 316, 509 N.E. 2d 945.

Case No. 85-788, *Barbara Stubbs* v. *W. Donald Webb, M.D., et al.,* rehearing denied, Moyer, C.J., Holmes and Wright, JJ., voting for a rehearing.

Case No. 85-838, *Carolyn A. Byrne, a Minor, et al.* v. *Pediatric Assoc., Inc. et al.,* rehearing denied, Moyer, C.J., Holmes and Wright, JJ., voting for a rehearing.

Case No. 85-1039, *Deanna R. Wainstein* v. *University Hospitals of Cleveland et al.,* rehearing denied, Moyer, C.J., Holmes and Wright, JJ., voting for a rehearing.

Case No. 85-1249, *Trena D. Longshore* v. *Rodney B. Hurl, M.D., et al.,* rehearing denied, Moyer, C.J., Holmes and Wright, JJ., voting for a rehearing.

Case No. 85-1461, *Richard Scott Boles et al.* v. *Dr. Victor George Lenzo et al.,* rehearing denied, Moyer, C.J., Holmes and Wright, JJ., voting for a rehearing.

[4] I make no assertion that any of the votes in those cases was unlawful or improper. I allude to them only to illustrate the inconsistency in the position which lies at the heart of one of the dissents.

dissent from the unprecedented and unlawfully determined decision of the majority.

The motion upon which the majority purports to base its determination has no legal basis in the rules of court, either for this court, any appellate court below, or the federal courts and, moreover, is clearly prohibited by the limitations upon post-decision motions contained in the Rules of Practice of the Supreme Court. As such, the action today constitutes the unlawful reviving of a finalized determination of this court, which should be barred by the doctrine of *res judicata.*

The motion filed by appellee Local 695 with this court on January 3, 1989 was entitled a "Motion for Reconsideration of the Denial of Motion for Rehearing." This, of course, was preceded by a decision in this case announced on November 2, 1988, motions for rehearing and/or clarification filed on November 14, 1988, a continuance and finally an order from this court issued December 22, 1988, which clarified the previous decision but flatly denied a rehearing on the merits. Incidentally, by no stretch of the imagination could our clarification *of* the merits be considered an action *on* the merits. This finalized the case at that time, leaving no other legal basis for challenging this court's determination. The denial of a rehearing was then, under the doctrine of *res judicata,* binding upon all the parties to the action as to all the issues which were or could have been raised therein.

As to the purported jurisdictional basis for the above "motion for reconsideration," there clearly is none, which fact was recognized by both the movant itself and all of the *amici curiae* in support. In the original motions for a rehearing of this court's decision, the movants expressly set forth their then claimed basis for juris-

diction as being "pursuant to Rule IX, [Section 1] of the Rules of Practice" of the Supreme Court of Ohio. This was entirely proper. The movant and the *amici* in support in the second motion have failed to set forth any basis for this court to exercise jurisdiction. Nor could they do so because there is no rule of this court which would permit such a "Motion for Reconsideration of the Denial of Motion for Rehearing."

As a procedural matter, the sole rule of practice which controls the filing of post-decision motions is the above-cited Rule IX of our Rules of Practice. By its terms, post-decisional practice is limited to a single motion, after which the rule indicates that the case is officially ended. Section 1 of Rule IX states: "*A* motion for rehearing shall be filed within ten days *after the announcement of the decision.* Such motion must be confined strictly to the grounds urged for rehearing and must not *constitute a reargument of the case.* * * *" (Emphasis added.)

Clearly, this rule provides for "a" single motion for rehearing, as the language utilized is in the singular. No provision is made elsewhere for any other motion after this one is either granted or denied. Further, "the" motion filed is strictly defined as one for a rehearing of "the decision" in the case. This is made obvious by the warning that the motion cannot be a "reargument of the case," which, incidentally, all the motions for rehearing and for reconsideration in the instant case plainly ignored. Thus, the timing of the motion contemplated by the rule is clarified as immediately following the initial decision of this court, which decision evaluated the original substantive claims and arguments presented to us in the briefs and oral argument. The rule cannot be stretched to include reconsiderations of denials of motions for rehearing since it only pro-

vides for a "rehearing," which means the original oral hearing on the merits, and not a "reconsideration" of whatever imaginative pleading was last filed. Otherwise, we would be faced with the anomaly that cases could be kept alive in this court by interminable pleadings, with finality of actions being a sham and a potential doubling of our motion caseload. More importantly, from the standpoint of stability of the law, we could have reversals of the decisional law of this court following the election of a new judge or judges.

That this rule requires a finality of the decision in this and every other case following the denial of a motion for rehearing is made perfectly manifest by Section 2 of Rule IX, which states:

"Ten days after the announcement of a decision on the merits, unless a motion for rehearing is filed, the Clerk shall issue a *mandate* in conformity to the entry of the Court. If a motion for rehearing is filed and denied, the *mandate* shall issue at the same time as the decision on the motion for rehearing. * * *" (Emphasis added.)

The mandate of this court is its final command in the case, issued to the courts below, directing them to act in compliance with the decision and entry of this court. It is the principal means by which the determinations of this court are effectuated. By issuing our mandate, we finalize our decision and the case is then completed. Once final, our decision, as previously mentioned, becomes *res judicata* to the parties.

Furthermore, others have attempted to do what the movant has accomplished herein, *i.e.*, attempted to maintain an action before this court beyond the denial of a motion for rehearing. They have similarly utilized the very pleading form, or ones similar thereto, which the movant now displays, essentially framing such as motions to reconsider our denial of a motion to rehear our decision on the merits. See, *e.g.*, *State* v. *Hill* (No. 87-313); *State* v. *Ray* (No. 87-637), (1988), 37 Ohio St. 3d 718, 532 N.E. 2d 769; *Kondrat* v. *Byron* (No. 87-1419); *Joseph* v. *Dever* (No. 86-1688); *Viock* v. *Stow-Woodward Co.* (No. 86-729); *Akron* v. *Bilder* (No. 88-1087), (1988), 39 Ohio St. 3d 726, 534 N.E. 2d 359, and (1988), 40 Ohio St. 3d 711, 534 N.E. 2d 851; *Senediak* v. *Senediak* (No. 88-1373), (1988), 39 Ohio St. 3d 722, 534 N.E. 2d 358, and (1988), 39 Ohio St. 3d 731, 534 N.E. 2d 359; *LPI of Ohio, Inc.* v. *Colbert* (No. 88-1534), (1988), 39 Ohio St. 3d 722, 534 N.E. 2d 358, and (1988), 40 Ohio St. 3d 707, 534 N.E. 2d 851; *Upper Ohio Valley Presby.* v. *Covenant Presby. Church* (No. 88-1647), (1988), 40 Ohio St. 3d 711, 534 N.E. 2d 852, and (1989), 41 Ohio St. 3d 709, 534 N.E. 2d 1213.

In no prior case has this court ever allowed such a motion. Prior judicial administrations have gone so far as to strike them. We have, of course, allowed the filing of such motions in these cases. This we have done, not because the majority of this court viewed them as anything beyond the legal nullity that they are, but for reasons of administrative convenience. A case has always been considered and declared final upon the denial of the motion for rehearing and issuance of our mandate.

Although the initial motion for reconsideration was timely filed and, of course, denied by this court as it was constituted last term, the second motion was filed on January 3, 1989, well beyond the ten days allotted by our rules from the original decision in the case. Further, that the movant waited until January 3, 1989 to file its adden-

dum motion would indicate its desire to avoid another ruling by this court as it was constituted prior thereto and to obtain a judgment from this court as newly constituted. Such action reveals a forum-shopping motivation of the worst sort and is a practice which this court, in its entirety, should unequivocally denounce.

Also, even supposing this second motion for reconsideration of our prior denial were to be considered valid, the decision of the majority goes well beyond that which was sought by appellee, Local Union 695, in its motion. The motion specifically sought only the clarification by this court of three points which the movant felt were initially unanswered by the court in its opinion on the merits or the explanatory opinion in response to the first motion for reconsideration. These were as follows:

"1. Without the right to binding arbitration do municipal safety forces have the right to strike?

"2. Whether the decision applies to charter and non-charter municipalities, and whether the municipality must adopt an ordinance or law in conflict with R.C. 4117.41(I) in order to be exempt from the provisions of the statute?

"3. Does the unlawful delegation issue extend to all political subdivisions and not just municipalities? Can the State of Ohio through its own legislature delegate to a third person the authority to mandate the wages of its own employees as well as those of townships and counties?"

Rather than limiting its determination here to that which had been specifically requested by the union, the majority has gone far afield and granted not only the basic motion, but will entirely re-decide the case. Such a result has never before been experienced by this court during my tenure.

The decision of the majority here is very disturbing to me in that it unlawfully overturns a determination upon major issues made by the majority of the court as constituted last term. More specifically, this later pronouncement of the court will undoubtedly lead to a position significantly at odds with the stance of one member of the prior majority who is no longer present to articulate his position.

Lastly, the determination of the majority to rehear and redetermine this matter is completely at odds with the long-standing principle of *stare decisis* which, in the main, permits determinations of this court to remain intact unless valid new and changed public policy considerations are later presented to the court for its review. No new public policy considerations were presented here for the majority's determination to provide a new hearing and determination upon this matter.

It has been suggested by some that the court has acted upon such motions as those now before us in prior cases. One particular example which, upon a surface reading might tend to so suggest, is the case of *Joseph* v. *Dever* (No. 86-1688). In that case, this court entered its initial decision on December 5, 1986, and denied the motion for reconsideration on December 31, 1986. Thereafter, with two new members on this court, we gave consideration to two later motions filed in this court, under various styles, which were clearly attempts to keep the case alive for consideration by the new panel.

*Joseph* v. *Dever* is most inapposite to the situation of the case here for three specific reasons. First, the *Dever* case presented us initially with a motion to certify the record wherein appellant Dever sought to have his case heard upon the merits before this court. In no fashion could Rule IX of

our Rules of Practice apply since that rule, by its express terms, applies to rehearings of merit decisions only. Since there was no hearing on the merits, a motion for rehearing was an impossibility. There being no other rules which would limit the filing of successive motions to reconsider, as there are with the motion for rehearing, Dever did not err in so pursuing the matter.

Perhaps more crucially, Dever sought reconsideration for an excellent reason, for our vote on his first motion to reconsider was three-to-three, one member not participating, and thus most inconclusive. Finding nothing specific in the rules, Dever sought clarification of this vote. In this he was unsuccessful, for on two successive occasions this court entertained additional motions which made the same request. Our vote in each instance was three-to-two, with two justices not participating.

By way of explaining the implications of such vote, one must begin with Section 2(A), Article IV of the Ohio Constitution which states: "A majority of the supreme court shall be necessary to constitute a quorum or to render a judgment." From this provision we have consistently applied our "rule of four," by which a minimum of four votes is needed for the court to act. The situation of deadlock will, therefore, remain when the Chief Justice, acting within his constitutional discretion, determines not to appoint replacements for those not participating. This is entirely reasonable and advances judicial economy when the court considers a number of purely procedural matters, including motions before the court. As to the impact of the vote, obviously a three-to-three vote is insufficient, under our rule of four, to grant a motion to certify the record; it is also insufficient to deny such motion. Consequently, Dever was fully correct in requesting a review of each vote where there were only three votes in a particular direction. Moreover, in Dever's reply brief of January 15, 1987, there were hints of possibly irregular proceedings. For all these reasons, and more, our proceedings in *Joseph* v. *Dever* lend no support whatsoever to the majority's unprecedented action in the instant case.

As to the concurring opinion, it should be noted that seldom have concurring opinions of this court been crafted entirely with reference to a dissenting opinion. Rather than set forth its own view of the proceedings, such opinion expends its energy against the bulwark of the law as described above.

Initially, the concurring opinion states that the clarification issued by this court was its "*final* decision in this case." Clearly, it was *not,* as is demonstrated by the fact that *no new mandate* issued from this court upon the clarification. As previously mentioned, a mandate issues for all decisions wherein the merits of a case are determined. A "clarification" order is not a "determination" of any matter affecting the parties and has no relationship to the finality of the decision in the case.

Also, the concurring opinion erroneously asserts the unsupported statement that: "A denial of a motion to certify *adjudicates the dispute* between the parties *every bit as much as a decision by this court on the merits.*" (Emphasis added.) Great reliance for the fabric of the concurrence is derived from this obvious misstatement of the law. It has always been the law of Ohio that: "* * * [T]he refusal of a motion to certify, even if the same legal question is decisively involved, *does not furnish an adjudication of the question* by this court as an established precedent

for future cases." (Emphasis added.) *Brewster* v. *Hill* (1934), 128 Ohio St. 343, 353, 190 N.E. 766, 770. See, also, *Keesecker* v. *G.M. McKelvey Co.* (1943), 141 Ohio St. 162, 25 O.O. 266, 47 N.E. 2d 211, at paragraph three of the syllabus, which is directly on point. Moreover, this is a nearly universal rule and is applied with equal force by the Supreme Court of the United States. *United States* v. *Carver* (1923), 260 U.S. 482, 490. The Rules of Practice make no provision for rehearings of such denials precisely because they are not adjudications upon the merits.

Furthermore, the concurrence hurriedly asserts that "[s]uch motions fall under Section 1, Rule IX, and must be filed within ten days of the decision," citing as authority 23 Ohio Jurisprudence 3d (1980), Courts and Judges, Section 426, as interpreting the rule in the asserted fashion. It, of course, candidly admits that "there is a dearth of case authority on the point." The statement relied upon in Ohio Jurisprudence 3d is that "The Supreme Court Rules of Practice provide that a motion for rehearing *of any cause or motion* shall be made within 10 days after the announcement of the decision." (Emphasis added.) It then ascribes this statement to the rule at issue, which, even a cursory glance would demonstrate, has *no* such language. In fact, what the concurrence relies upon is *not* an interpretation of the present rule but is, in fact, a precise quotation of the rule as it formerly existed (see 167 Ohio St., at lxxiv-lxxv) until its repeal in 1964. See 176 Ohio St., at xlviii. Thus, while we do not address time limitations upon motions to reconsider decisions on motions to certify, our point was made that no rule now exists in such situations.

The concurrence then refers to a panorama of cases in which it alleges

that the very act of the majority was done in prior cases. Such cases are obviously inapposite, as *Wisniewski* v. *Wisniewski* (1985), 20 Ohio St. 3d 20, 20 OBR 137, 485 N.E. 2d 248, exemplifies. For that case involved not a hearing upon the merits, but the denial on September 11, 1985 of a motion to certify the record. There was no motion for "rehearing" but a motion for reconsideration. The eventual grant of such motion, after this court's decision in *Shearer* v. *Shearer* (1985), 18 Ohio St. 3d 94, 18 OBR 129, 480 N.E. 2d 388, was foundational authority for the proceedings in *Joseph* v. *Dever* (No. 86-1688) and this because no rule yet limits such.

*OAMCO* v. *Lindley* (1986), 24 Ohio St. 3d 124, 24 OBR 347, 493 N.E. 2d 1345 (*"OAMCO I"*), *OAMCO* v. *Lindley* (1986), 27 Ohio St. 3d 7, 27 OBR 427, 500 N.E. 2d 1379 (*"OAMCO II"*), and *OAMCO* v. *Lindley* (1987), 29 Ohio St. 3d 1, 29 OBR 122, 503 N.E. 2d 1388 (*"OAMCO III"*), are completely useless to the inquiry before us. These were three separate opinions, *OAMCO II* and *OAMCO III* coming before this court upon timely motions to rehear, based upon Section 1, Rule IX. *OAMCO I* was reheard in *OAMCO II* and a mandate issued upon its release. The final clarification was also upon a timely motion to rehear the second hearing on the merits. The remainder of the cases cited are similar in character. In footnote 3, a rather unnecessary list of cases is included. These were all rehearings granted upon the ordinary and timely filings of motions to rehear. As such, they are irrelevant.

By reaching out beyond our recognized procedures, the majority has obviously decided to rehear a case which was final and determined.

I therefore strongly dissent from the decision of the majority herein.