OPINION
Plaintiff, William Brent Knotts, appeals pro se from an order of the court of common pleas dismissing his action against Defendant, Kathleen E. Anderson, for lack of personal jurisdiction.
Plaintiff Knotts is a resident of Clark County, Ohio. Defendant Anderson is a resident of Pensacola, Florida. Knotts filed a complaint on July 7, 2000 in the court of common pleas, stating the following claims for relief.
 "1. Jurisdiction is based on Ohio code in and for Clark County, Ohio.
 2. I allege that Kathleen E. Anderson maliciously and intentionally submitted an illegal court order, via US Mail, on June 8, 1999, to plaintiff's employer in Oklahoma City, OK. The illegal court order resulted in plaintiff's loss of employment, benefits, and future employment opportunities.
 3. I allege Kathleen E. Anderson illegally assumed the identity of the judge, the court, and the clerk of courts.
 4. I allege Kathleen E. Anderson is and was part of an overall conspiracy to obstruct justice to prevent a complaint process."
Defendant Anderson was served, and thereafter moved to dismiss Plaintiff's action pursuant to Civ.R. 12(B)(2) for lack of jurisdiction over her person. The trial court granted the motion. Knotts filed a timely notice of appeal. Plaintiff-Appellant Knotts has not stated a particular assignment of error in the form contemplated by App.R. 16(A)(3). However, we take his assignment of error to be that the trial court erred when it dismissed his action for its lack of personal jurisdiction over Defendant Anderson.
The parties' arguments on appeal reveal that Knotts' claims for relief arise from actions taken by Anderson, an attorney who represents Knotts' former spouse, to collect unpaid alimony and attorneys fees awarded against Knotts in a Florida domestic relations proceeding. Anderson sought to collect on the judgments by a payroll deduction order served on Knotts' employer, a firm located in Oklahoma. Knotts was allegedly terminated from his employment in Ohio as a result.
The common pleas court granted Defendant Anderson's motion to dismiss, finding that jurisdiction to determine Knotts' claims for relief might lie in Florida or Oklahoma, but not in Ohio. We agree.
A valid judgment imposing a personal obligation or duty in favor of a plaintiff may be entered only by a court having jurisdiction over the person of the defendant. Meadows v. Meadows (1992), 73 Ohio App.3d 316. As a general rule, jurisdiction can be exercised only over persons within the territorial limits of the state, except to the extent that "long-arm" procedures permit the acquisition of jurisdiction over non-residents. Smith v. Smith (1943), 73 Ohio App. 203.
To support the exercise of long-arm jurisdiction, it must be determined that the defendant has purposely established minimum contacts with the forum state and has purposely availed itself of the privilege of conducting activities in that state. Anilas, Inc. v. Kern (1986),28 Ohio St.3d 165. In Ohio, those factors are set out in R.C. 2307.382, which states, in relevant part:
 "(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
(1) Transacting any business in this state;
 (2) Contracting to supply services of goods in this state;"
When process is served on an out-of-state defendant, the pleadings must establish on their face some basis for the court's exercise of long-arm jurisdiction. That is generally done by pleading operative facts that are substantial and significant enough for long-arm jurisdiction to apply. Absent such pleading, the trial court is authorized to dismiss the case for lack of personal jurisdiction upon a motion filed pursuant to Civ.R. 12(B)(2). Conclusory claims that jurisdiction exists are insufficient to plead the matter.
None of the operative facts pleaded in the complaint that Plaintiff Knotts filed, which are quoted above, portray a basis for the exercise of long-arm jurisdiction over Defendant-Appellee Anderson by the trial court. The court was correct, therefore, when it granted Anderson's motion to dismiss. Indeed, Knotts' further explanations on appeal that his Oklahoma employer terminated Knotts from his employment in Ohio as a result of Anderson's conduct in Florida likewise fail to demonstrate the minimum contacts required. Knotts was required to show that Anderson purposely directed her activities toward Ohio. Anilas, Inc. v. Kern, supra; Highway Auto Sales, Inc. v. Auto Koenig of Scottsdale, Inc. (1996), 943 F. Supp. 825. The activities to which he points are merely consequential and, therefore, too insubstantial to be minimum contacts required by law.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.