MEDCORP, INC., APPELLEE, *v.* OHIO DEPARTMENT OF JOB AND FAMILY
SERVICES, APPELLANT.

[Cite as *Medcorp, Inc. v. Ohio Dept. of Job & Family Servs.,*
124 Ohio St.3d 1215, 2009-Ohio-6425.]

*Motion for reconsideration granted in part.*

(Nos. 2008-0584 and 2008-0630 — Submitted September 29, 2009 — Decided
December 15, 2009.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County,

No. 07AP-312, 2008-Ohio-464.

ON MOTION FOR RECONSIDERATION

_____

{¶ 1} On May 7, 2009, this court released its opinion and judgment in this matter. *Medcorp, Inc. v. Ohio Dept. of Job & Family Servs.,* 121 Ohio St.3d 622, 2009-Ohio-2058, 906 N.E.2d 1125 ("*Medcorp I*"). We reversed the judgment of the court of appeals and held that in order to satisfy the "grounds of the party's appeal" requirement in R.C. 119.12, parties appealing under that statute must identify specific legal or factual errors in their notices of appeal. Id. at syllabus.

{¶ 2} Appellee filed a motion for reconsideration, urging that the court vacate its decision and instead adopt the position of the dissenting opinions or, in the alternative, modify the decision so as to restrict its effect to matters for which appeals have been filed after the date of the decision. We ordered the parties to brief whether the decision in *Medcorp I* should be applied prospectively only and, if so, to what cases it should be applied. 122 Ohio St.3d 1488, 2009-Ohio-3830, 910 N.E.2d 1041.

**{¶ 3}** The United States Supreme Court recognized in *Great N. Ry. Co. v. Sunburst Oil & Refining Co.* (1932), 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360, that state courts have broad authority to determine whether their decisions should operate prospectively only. We have applied the *Sunburst* Doctrine to limit a decision to prospective application only as a means of avoiding injustice in cases dealing with questions having widespread ramifications for persons not parties to the action. See, e.g., *OAMCO v. Lindley* (1987), 29 Ohio St.3d 1, 29 OBR 122, 503 N.E.2d 1388; *Minster Farmers Coop. Exchange Co., Inc. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, 884 N.E.2d 1056.

**{¶ 4}** Upon consideration of the briefs filed pursuant to the court's request, we conclude that application of the *Sunburst* Doctrine is appropriate in this case. Accordingly, the motion for reconsideration is granted to the following extent: The holding in *Medcorp I* shall apply only to cases filed on and after June 15, 2009, the date on which the opinion in *Medcorp I* was published in the Ohio Official Reports advance sheets. Moreover, the court's opinion in *Medcorp I* is modified to the following extent: The judgment of the court of appeals is affirmed.

So ordered.

LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment but believes the better course would have been to reverse the court's holding in this case in its entirety.

MOYER, C.J., and O'CONNOR and LANZINGER, JJ., dissent.

_____

**O'DONNELL, J., concurring.**

**{¶ 5}** While I agree that the court should grant reconsideration in this matter, I reluctantly concur in the court's prospective application of the original decision.

**{¶ 6}** In my view, as expressed in my dissenting opinion filed in this case, the better course would have been to reverse our holding in this case in its entirety and make no change to the customary practice of preparing a notice of appeal pursuant to statute. Instead, the court has created a new standard that confuses a settled area of law affecting thousands of litigants. However, given the court's reluctance to reverse its prior holding, I reluctantly concur in the decision to have it apply prospectively. As I noted in my dissenting opinion, I strongly urge the General Assembly to clarify its intent with respect to this important matter.

_____

Chester, Willcox & Saxbe, L.L.C., Geoffrey E. Webster, and J. Randall Richards, for appellee.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Stephen P. Carney, Deputy Solicitor, Rebecca L. Thomas, Assistant Solicitor, and Ara Mekhjian, Assistant Attorney General, for appellant.

Crabbe, Brown & James, L.L.P., and Andy Douglas, urging reconsideration on behalf of amicus curiae Ohio Academy of Nursing Homes, Inc.

Lumpe & Raber, J. Richard Lumpe, and David A. Raber, urging reconsideration on behalf of amici curiae, Ohio Council of Retail Merchants, Ohio Convenience Store Association, Ohio Licensed Beverage Association, and Wholesale Beer & Wine Association of Ohio.

_____