NUNAMAKER ET AL., APPELLEES, *v.* UNITED STATES STEEL CORP., OHIO WORKS, APPELLANT, ET AL.

(No. 38634—Decided April 7, 1965.)

56

*Mr. Herschel Kriger, Mr. David Clayman* and *Mr. Robert M. Murphy,* for appellees.

*Mr. Frank C. Manak, Messrs. Manchester, Bennett, Powers & Ullman* and *Mr. Paul J. Fleming,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. Bernard L. Heffernan* and *Mr. Paul W. Zellers,* for the Bureau of Unemployment Compensation.

SCHNEIDER, J. The question therefore presented for our determination is: Whether each claimant was entitled to his weekly benefit amount unreduced by the vacation pay received by him from his employer with respect to the week ending July 9, 1960, under the provisions of Sections 4141.01 to 4141.46, inclusive, of the Revised Code, then in effect (128 Ohio Laws 1308).

It cannot be disputed that under the statutes in effect prior to October 16, 1959, each claimant would not have been so entitled (see *Reid* v. *Board of Review*, 155 Ohio St. 6) and it is not disputed that after the amendment to Section 4141.31, effective October 20, 1963, he would not have been so entitled. An answer to the question therefore involves an interpretation of the statutes as they existed between those two dates and specifically during the week ending July 9, 1960.

Nor is the general purpose of the Unemployment Compensation Act in dispute. As summarized by Judge Zimmerman in *Leach, Admr.*, v. *Republic Steel Corp.*, 176 Ohio St. 221, at page 223, that purpose is "to enable unfortunate employees who become and remain *involuntarily* unemployed by adverse business and industrial conditions, to subsist on a reasonably decent level and is in keeping with the humanitarian and enlightened concepts of this modern day."

Notwithstanding that he voluntarily elected to take his vacation and vacation pay for the week in question, each claimant-appellee contends that he was not employed during that week (*i. e.*, he did not perform services for wages as defined in Section 4141.01 (B), Revised Code, in the period of that week) because he was informed that he would be laid off, and thus, under Section 4141.31 (B) (2), Revised Code, then in effect, he was unemployed for reasons other than being on "vacation."

We are of the opinion, however, that this begs the fundamental question: Was he unemployed during the week within the purview of the statutes? We hold that that question must be answered in the negative.

Section 4141.01 (M) provided that "an individual is 'totally unemployed' in any week during which he performs no services and with respect to such week no remuneration is payable to him." That claimants-appellees performed no services for wages during the week is conceded. However, each was paid remuneration with respect to such week in the form of vacation pay as a result of his *unilateral and voluntary election*. That election involved no agreement prohibited by Section 4141.32 of the Revised Code.

There can be no doubt that vacation pay is "remuneration," defined by Section 4141.01 (H) as including "all com-

pensation for personal services.'' It is difficult to conceive that vacation pay could be received other than as compensation for personal services previously performed. The conclusion follows that each was not "totally unemployed," and, therefore, was not eligible for any benefits.

But, the claimants-appellees insist that the General Assembly engrafted an exception on this situation in Section 4141.31, Revised Code, paragraph (B) of which read as follows:

"Benefits payable for any week shall not be reduced by the amount of remuneration a claimant receives with respect to such week in any of the following forms:

"'* * *

"(2) Vacation pay or allowance paid to an individual with respect to weeks of unemployment during which he is unemployed for reasons other than being on 'vacation' * * *.''

That the language quoted applies only to *benefits payable* is self-evident. No amount of wrenching can torture this language into a modification of the basic proposition that in law each claimant-appellee was not "totally unemployed" for the week in question and thus not eligible for any benefits.

Finally, claimants-appellees contend that the effect of our decision will be to render the language of Section 4141.31 (B) (2) ineffectual, contrary to the rule of construction that statutes will be so construed as to give meaning to every part thereof. We cannot agree. It is common knowledge that labor contracts frequently provide that vacation pay or allowance is payable only at certain times of the year. In such a case, an employee might be laid off, for example, in February, and draw unemployment benefits continuously until the following October, including the period when vacation benefits are in fact paid. We find no difficulty in arriving at the conclusion that paragraph (B) (2) was designed solely to prevent the reduction of unemployment benefits by the amount of vacation pay received in such cases.

Accordingly, we find that the decision of the Board of Review was not unlawful, unreasonable or against the manifest weight of the evidence and the Court of Common Pleas erred in so finding. The judgment of the Court of Appeals affirming that judgment is therefore reversed and the cause is remanded

to the Board of Review for further proceedings in accordance herewith.

*Judgment reversed.*

CORRIGAN, O'NEILL and HERBERT, JJ., concur.

TAFT, C. J., MATTHIAS and McLAUGHLIN, JJ., dissent.

CORRIGAN, J., of the Eighth Appellate District, and Mc-LAUGHLIN, J., of the Fifth Appellate District, sitting, respectively, for ZIMMERMAN and BROWN, JJ.