Thelma J. GROCE, Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, As members of and as constituting the Review Board of the Indiana Employment Security Division, and Western Electric Company, Appellees.

No. 2–983A334.

Court of Appeals of Indiana, Fourth District.

May 19, 1984.

John F. Schmitt, Lewis, Bowman, St. Clair & Wagner, Indianapolis, for appellant.

George J. Zazas, David L. Swider, Barnes & Thornburg, Indianapolis, for Western Elec. Co.

CONOVER, Presiding Judge.

Thelma J. Groce (Groce) appeals from a decision of the Review Board of the Indiana Employment Security Division (Review Board) upholding her ineligibility to receive unemployment compensation on the basis she did not have wage credits of at least

$900 in the last two quarters of her base period as required by IND.CODE 22-4-14-5.

We reverse.

## ISSUE

Were the payments Groce received from her employer during an illness remuneration includable as wage credits for purposes of calculating whether Groce had achieved the $900 wage credit eligibility requirement?

## FACTS

Western Electric Company (Western) hired Groce on August 28, 1972. Groce was not working because of illness from February 8, 1982, through January 10, 1983. During that time Groce received payment from Western pursuant to a plan labeled "Sickness and Accident Disability Benefit Plan." Upon her return to work on January 10, 1983, Groce was laid off indefinitely. Groce sought and was denied unemployment benefits. She appeals.

## DISCUSSION AND DECISION

The eligibility requirement at issue in this case is set out in IC 22-4-14-5, which requires an individual to establish wage credits of at least $900 in the last two calendar quarters of her base period. Base period is defined as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit period ...." IND. CODE 22-4-2-12. Wage credit is defined as "remuneration paid for employment by an employer to an individual," but excluding payments listed in IND.CODE 22-4-4-2(b). IND.CODE 22-4-4-3. Remuneration includes sick pay, subject to the provision of IC 22-4-4-2(b)(2).[1] IND.CODE 22-4-4-1. These exclusions from wage credits are the battle grounds for this appeal.

---

1. IC 22-4-4-2(b)(2) has been recodified as IC 22-4-4-2(b)(4).

"Wages" shall not include:

&ast;   &ast;   &ast;   &ast;   &ast;   &ast;

The amount of any payment on account of sickness or accident disability, or medical or

hospitalization expenses in connection with sickness or accident disability made by an employer to, or on behalf of, an individual performing services for it and after the expiration of six (6) calendar months following

Groce argues IC 22–4–4–2(b) [2] is inapplicable to the case at bar because the payments she received were sick pay, not payments made pursuant to a sickness or accident disability plan, regardless of what the employer chose to call it. She directs us to 640 IAC 1–1–9 for the division's definition which distinguishes sick pay from sickness or accident disability payments as follows:

> Sick pay, as referred to in Chapter 4, Section 1 and Chapter 5, Sections 1 and 2 *[IC 22–4–4–1 and IC 22–4–5–1 and IC 22–4–5–2]*, means the amounts paid to an employee during periods of temporary absence due to illness or injury, and it is anticipated by both the employer and the employee that he will return to service; and when the employer holds himself in readiness to receive the services of the employee, the employment relationship is considered to continue. The amounts paid for such absences shall be considered remuneration and deductible income.

> Sickness or accident disability payments as referred to in Chapter 4, Sections 2(b) and 2(b)(2) *[IC 22–4–4–2(b) and IC 22–4–4–2(b)(2)]* means payments made to or on behalf of an individual after his employment relationship has been severed by disabling sickness or accident, and it is anticipated that he will not return to employment.

Because Groce was expected to return to work following the illness, the argument goes, the payments were sick pay considered as remuneration accumulated for wage credit purposes, thus giving her amounts well in excess of the $900 minimum.

Western argues IC 22–4–4–2(b) absolutely excludes from wage credits *any* payments made pursuant to an employer plan or system for its employees, a plan such as its "Sickness and Accident Disability Benefit Plan." Furthermore, Western argues, IC 22–4–4–2(b)(2) applies only in absence of an employer's plan. In this context, Western alternatively argues even if IC 22–4–4–2(b)(2) applies, Groce still fails to meet the $900 wage credit requirement. Finally, Western argues, if we apply 640 IAC 1–1–9 as Groce suggests, the regulation is invalid because it would then be inconsistent with the Employment Security Act.

This court has said, "rules and regulations duly adopted by the [division] have the force and effect of law and failure to follow them makes the decision contrary to law." *Anderson v. Review Board*, (1968) 142 Ind.App. 577, 579, 236 N.E.2d 178, 179. A regulation promulgated by the division clearly makes a distinction between "sick pay" and "sickness or accident disability payments." 640 IAC 1–1–9. The Review Board ignored that distinction when it determined Groce received payments excludable under the IC 22–4–4–2(b) sickness or accident disability payment exclusion.

█ The evidence is uncontroverted Groce received payments under Western's plan which deals with *temporary* absence due to sickness, even though the plan is labeled "Sickness & Accident Disability Benefit Plan." The temporary nature of the payments and illness, along with the undisputed evidence Groce was expected to return to work following the illness, makes this case one of sick pay, not sickness or accident disability payments. Therefore, under 640 IAC 1–1–9, Groce's sick pay is

the last calendar month in which the individual performed services for such employer; . . . .

**2.** IC 22–4–4–2(b) has been recodified as IC 22–4–4–2(b)(2).

"Wages" shall not include:

\* \* \* \* \* \*

The amount of any payment (including any amount paid by an employer for insurance or annuities or into a fund to provide for any such payment) made to, or on behalf of, an individual or any of his dependents under a plan or system established by an employer which makes provision generally for individuals performing service for it (or for such individuals generally and their dependents) or for a class or classes of such individuals (or for a class or classes of such individuals and their dependents) on account of (i) retirement, or (ii) sickness or accident disability, or (iii) medical or hospitalization expenses in connection with sickness or accident disability, or (iv) death; . . . .

not excluded under any portion of IC 22–4–4–2(b) and is remuneration for the purposes of wage credits.

■■■ We must, however, address Western's argument the regulation is invalid as we have applied it. This district has explained our treatment of administrative rules and regulations in relation to the statutes they enforce:

> Rules and regulations promulgated by administrative boards must be reasonable and reasonably adopted to carry out the purpose or object for which these boards were created. Boards cannot enlarge or vary, by the operation of such rules, the powers conferred upon them by the Legislature, or create a rule out of harmony with the statute. If the rules are in conflict with the state's organic laws, or antagonistic to the general law of the state or 'opposed to the fundamental principles of justice, or inconsistent with the powers conferred upon such boards' they are invalid. [Citations omitted.]

*Potts v. Review Board,* (1982) Ind.App., 438 N.E.2d 1012, 1015–16. We do not find the rule applicable here, 640 IAC 1–1–9, to conflict with the Employment Security Act. We believe the legislature intended to distinguish "sick pay" from "sickness or accident disability" payments. The phrase "sickness or accident disability" is to be treated as a unit because it appears in a list, set off by commas. *See,* IC 22–4–4–2(b) and IC 22–4–4–2(b)(2). To hold otherwise would severely limit, render almost meaningless, the amount of sick pay which could be counted toward wage credits, a result inconsistent with the broad humanitarian purpose of this social legislation. Thus, the "sickness or accident disability" payments language does not include *all* payments made on account of sickness; rather, it means payments made on account of disability because of sickness or accident which has worked to sever the employment relationship, to keep the employee from returning to work. Here, Groce's *temporary* disability due to illness did not sever the employment relationship; rather, she was expected to return to work after surgery.

Our decision in this case should not be read to conflict with our Third District's decision in *Taylor v. Review Board,* (1983) Ind.App., 454 N.E.2d 1237. Discussing the exclusions of IC 22–4–4–2(b) and IC 22–4–4–2(b)(2), our Third District did not make a distinction between "sick pay" and "sickness or accident disability payments," the distinction the division made in 640 IAC 1–1–9. The court in *Taylor* did not address the applicability of 640 IAC 1–1–9. Examining *Taylor,* the statutes, and the regulations, we have construed the law as part of a general and uniform system of jurisprudence, cf. *Holmes v. Review Board,* (1983) Ind.App., 451 N.E.2d 83, 86, and therefore reverse the Review Board.

Reversed.

MILLER and YOUNG, JJ., concur.