DEGENOVA, APPELLEE, *v.* BOARD OF REVIEW ET AL., APPELLANTS.

(No. 84 C.A. 55—Decided May 1, 1985.)

*Randall Ellington,* for appellee.
*James M. McNally,* for appellants.

DONOFRIO, J. This is an appeal from the Court of Common Pleas of Mahoning County.

On April 12, 1982, appellant-appellee, Daniel J. DeGenova (hereinafter "appellee"), applied for unemployment benefits. He filed for extended benefits on October 12, 1982 and filed a continued claim for extended benefits for the week ending November 13, 1982. Appellees-appellants, Board of Review, Ohio Bureau of Employment Services, et al. (hereinafter "appellants"), disallowed appellee's claim for the week of November 13 as he had received vacation pay much in excess of his weekly benefit amount. Throughout these proceedings, appellee has conceded he was not entitled to the weekly benefit for this particular week. However, appellee has contested appellants' decision that he was also ineligible for extended benefits because he admittedly had not sought work during this week of November 13, 1982.

Appellee first sought an administrative review of the appellant board's decision, and when further administrative review was subsequently denied, he then appealed the decision to the Mahoning County Court of Common Pleas. On March 6, 1984, the court conducted a hearing and received the parties' oral arguments and briefs. On April 19, 1984, the court affirmed appellants' denial of weekly benefits, but reversed its finding that appellee's failure to seek work during the week of November 13, 1982 disqualified him from receiving extended benefits.

Appellants' sole assignment of error states:

"The common pleas court erred by

incorrectly holding that the claimant did not have to seek work during the week of November 13, 1982, and further erred by failing to hold that R.C. Sec. 4141.30(I) [*sic*] disqualified claimant from payment of extended benefits."

Appellants contend that appellee himself alleged he was unemployed during the week of November 13, 1982 and was, therefore, required to seek work.

R.C. 4141.301(I), in pertinent part, reads:

"Notwithstanding division (B) of this section, payment of extended benefits under this section shall not be made to any individual for any week of unemployment in his eligibility period during which he fails to accept any offer of suitable work, as defined in division (I)(2) of this section, *or fails to apply for any suitable work* to which he was referred by the administrator, *or fails to actively engage in seeking work,* as prescribed in division (I)(4) of this section." (Emphasis added.)

It is a well-established maxim of appellate review that all reasonable presumptions consistent with the record will be indulged in favor of the validity of the judgment under review, and of the regularity and legality of the proceedings below. We find the record supports the lower court's judgment.

The facts in this case are not substantially in dispute. Appellee received vacation pay for the week ending November 13, 1982. He promptly reported this fact to the appellant bureau and he therefore did not receive benefits for that week. Since he was not receiving benefits for that week, he logically assumed that he was not required to make a contact with a prospective employer.

R.C. 4141.01(M) provides as follows:

"An individual is 'totally unem-ployed' in any week during which he performs no services and with respect to such week no remuneration is payable to him."

Accordingly, during the week in question, appellee was not "unemployed" within the meaning of the statute. This contention is supported by the case of *Nunamaker* v. *U.S. Steel Corp.* (1965), 2 Ohio St. 2d 55 [31 O.O.2d 47], paragraph two of the syllabus:

"An employee who voluntarily elected to receive and accepted vacation pay, received 'remuneration,' was not 'totally unemployed,' and, therefore, was ineligible for unemployment benefits pursuant to Sections 4141.01 to 4141.46, inclusive, Revised Code, in effect from October 16, 1959, to October 19, 1963."

Since appellee was not "unemployed" during the week in question, it follows that R.C. 4141.301(I) is inapplicable to this week. Further, applying the punitive section of R.C. 4141.301 (I)(1) is unsupportable.

It is clear from the language of this statute, that the requirement appellants seek to impose on appellee for the week in question did not apply to him during that week.

We find that appellants' attempt to terminate appellee's eligibility for extended benefits was error. R.C. 4141.46 provides as follows:

"Sections 4141.01 to 4141.46, inclusive, of the Revised Code shall be liberally construed."

For the foregoing reasons we overrule appellants' assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

Cox and O'Neill, JJ., concur.