JOHNSON ET AL., APPELLANTS, *v.* ADMINISTRATOR, OHIO BUREAU OF EMPLOYMENT SERVICES, ET AL., APPELLEES.

[Cite as Johnson *v.* Ohio Bur. of Emp. Services (1990), 48 Ohio St. 3d 67.]

68

(No. 87-1956 — Submitted September 12, 1989 — Decided January 10, 1990.)

*Thomas L. Sartini,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Sharon D. Tassie,* for appellee Administrator, Ohio Bureau of Employment Services.

*Thompson, Hine & Flory, Michael J. Frantz, Richard V. Whelan, Jr.* and *Carl H. Gluek,* for appellees Ashtabula County Medical Center.

*Stewart Jaffy & Associates* and *Stewart R. Jaffy,* for *amici curiae* Ohio AFL-CIO and United Autoworkers.

SWEENEY, J. Upon rehearing the cause before us, we believe that a clearly erroneous determination of the law was rendered in this court's original decision insofar as it determined that the notice of appeal filed in the court of common pleas did not conform with the jurisdictional requirements set forth in R.C. 4141.28(O) and 4141.28(P).[1] Accordingly, for the reasons that follow, we reverse the decision of the court of appeals on the jurisdictional issue.

A review of the original opinion in *Johnson I* reveals that much of the procedural history, save the jurisdictional issue, was concisely and sufficiently explored therein. Obviously, the issue before us today is the same as that in *Johnson I, i.e.,* whether the court of common pleas was vested with jurisdiction to review the claims of all the appellants whose claims to unemployment compensation had been denied by the board. The pertinent statutory law governing the jurisdiction of the common pleas court in an unemployment compensation case is found in R.C. 4141.28(O), which states in relevant part that "[a]ny interested party * * * may * * * appeal from the decision of the board to the court of common pleas * * *. Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas * * *."

In addition, and of crucial relevance to the instant cause, R.C. 4141.28(P) states that "any notice of intention to appeal the decision or order of the board to a court of common pleas may be executed *in behalf of any party or any group of claimants by an agent.*" (Emphasis added.)

In this cause, as noted by Justice Brown in his concurring and dissenting opinion in *Johnson I,* the board ordered that one hundred seventy-six claimants' appeals be consolidated as a mass

---

[1] While a rehearing is most certainly a rare occurrence, our reconsideration of this cause does not in any way offend the doctrine of *stare decisis.* As this court noted in *Rocky River* v. *State Emp. Relations Bd.* (1989), 43 Ohio St. 3d 1, 5, 539 N.E. 2d 103, 107, the doctrine of *stare decisis* applies to *future cases* where the facts of a *subsequent case* are substantially the same as a former case. Black's Law Dictionary (5 Ed. Rev. 1979) 1261. Since, as in *Rocky River,* we are confronted with the same case, the doctrine

of *stare decisis* has no application to the cause *sub judice.* In any event, as Justice Holmes stated, albeit in a different context, in his concurring opinion in *Scott* v. *News-Herald* (1986), 25 Ohio St. 3d 243, 254, 25 OBR 302, 311, 496 N.E. 2d 699, 709:

"It does no violence to the legal doctrine of *stare decisis* to right that which is clearly wrong. It serves no valid public purpose to allow incorrect opinions to remain in the body of our law."

appeal. In addition to the consolidated decision affecting the one hundred seventy-six claimants, nine individual decisions were issued by the board. There is no indication in the record of any objection to the mass-appeal consolidation. It is also undisputed that the board's decision on the mass appeal named each individual claimant to whom the decision applied, and included each claimant's case number and Social Security number. The notice of appeal from this decision filed in the court of common pleas stated that it was an appeal from the board's decision "entered on or about October 16, 1984 in the following case: In re claim of: Pierette I. McConnell, et al., Appeals Docket No. 609558-M-BR affirming the Administrator's intitial [*sic*] determinations in these matters entered on various dates from August 11, 1980 through September 10, 1980." The record further indicates that the notice of appeal was timely filed in behalf of forty-one claimants designated in the caption and "on behalf of * * * all other[s] similarly situated."

The appellee-administrator and hospital contend that the only identifiable or discernible appellants in the cause *sub judice* are the forty-one claimants whose names specifically appear on the notice of appeal. However, as cogently observed in Justice Brown's concurring and dissenting opinion in our original decision, "[t]he identity of all appellants is * * * easily discernible from the notice of appeal and the decision of the board mailed on or about October 16, 1984." *Johnson I, supra,* at 371, 533 N.E. 2d at 763. In our view, the language of R.C. 4141.28(P) clearly permits appellants to execute an appeal in their own behalf and as agents of the claimants named in the board's decision.

Appellees, however, argue that an agency relationship must first be shown before R.C. 4141.28(P) may be invoked because the instant notice of appeal, indicating that it is filed in behalf of "other[s] similarly situated," does not adequately define who are the party-appellants. We disagree. As noted by Justice Brown in *Johnson I,* while it may be a better practice for an agent to clearly indicate his or her authority to prosecute the appeal in the notice of appeal, there is absolutely nothing in the statute requiring such a practice. Indeed, we find that the *Johnson I* majority's observation that "R.C. 4141.28(P) requires * * * an indication of the agency relationship," *Johnson I, supra,* at 370, 533 N.E. 2d at 762, is not only a patently erroneous conclusion of law, but it impermissibly adds language to the statute in a manner that greatly expands the statutory jurisdictional requirements in issue. Even assuming, *arguendo,* that appellees' contentions in this vein are somewhat persuasive, R.C. 4141.46 militates a contrary interpretation since the unemployment compensation statutes "* * * shall be liberally construed" in favor of the persons to be benefited. A liberal construction of the statute, however, does not permit this court, as it did in *Johnson I,* to add language to the statute that is not there. Such a principle of law was best summarized by this court in another context in *Szekely* v. *Young* (1963), 174 Ohio St. 213, 22 O.O. 2d 214, 188 N.E. 2d 424, in the second paragraph of the syllabus: "A direction to liberally construe a statute in favor of certain parties will not authorize a court to read into the statute something which cannot reasonably be implied from the language of the statute."

Therefore, under the facts adduced below and based on the plain statutory language before us, we hold that where the Unemployment Compensation Board of Review decides to

consolidate appeals from a number of claimants into one mass appeal and subsequently issues one decision affecting the mass-appeal claimants, one timely notice of appeal to the court of common pleas will be sufficient to vest jurisdiction in the court under R.C. 4141.28(O) and 4141.28(P), so long as the notice of appeal indicates that it is an appeal from the decision of the board of review and is made in behalf of all the claimants who are identified in either the decision of the board of review or the notice of appeal itself.

Accordingly, the judgment of the court of appeals is reversed as to the jurisdictional issue before us on rehearing.

*Judgment reversed.*

DOUGLAS, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. I strongly dissent on the basis of *stare decisis.* The long-standing principle of *stare decisis* allows prior determinations of this court to remain intact unless valid new and changed public policy considerations are later presented to the court for its review. I so stated in my dissent in *Rocky River* v. *State Emp. Relations Bd.* (1989), 41 Ohio St. 3d 602, 608, 535 N.E. 2d 657, 662; see, also, *Hall* v. *Rosen* (1977), 50 Ohio St. 2d 135, 138, 4 O.O. 3d 336, 337, 363 N.E. 2d 725, 727.

I restate such legal principle as it would relate to this opinion. This case had been determined by the prior majority of this court in the opinion and judgment issued December 30, 1988. The only change in circumstances in this case was the composition of the court. No new public policy considerations were presented for the majority's determination upon this matter. Consequently, there was no need to disturb our prior holding.

MOYER, C.J., concurs in the foregoing dissenting opinion.

WRIGHT, J., dissenting. I respectfully dissent as there is no reason to discard the holding that R.C. 4141.28 (O) vests jurisdiction over only those claimants who actually file appeals with our courts of common pleas. Likewise, neither R.C. 4141.28(O) nor (P) contemplates the form of "class action" embraced by the majority. As indicated by our previously reported opinion (see *Johnson* v. *Ohio Bur. of Emp. Services* [1988], 40 Ohio St. 3d 365, 533 N.E. 2d 757), R.C. 4141.28(P) requires identification of the individuals represented *and* an indication of an agency relationship, both of which the majority concedes are lacking here. This is a classic case of an instance where hard facts have created bad law. Accordingly, I see no reason to overrule our previous decision.

MOYER, C.J., concurs in the foregoing dissenting opinion.