SHEPHERD, Appellee,

v.

WEAREVER–PROCTOR SILEX, INC.; Administrator,
Bureau of Employment Services, Appellant.

[Cite as *Shepherd v. Wearever–Proctor Silex, Inc.* (1991), 75 Ohio App.3d 414.]

Court of Appeals of Ohio,
Pike County.

No. 462.

Decided Aug. 1, 1991.

*Mowery, Brown & Blume* and *T. Kevin Blume,* for appellee.

*Lee I. Fisher,* Attorney General, and *David E. Lefton,* Assistant Attorney General, for appellant.

HARSHA, Judge.

This is an appeal from a judgment entered by the Pike County Court of Common Pleas reversing the decision of the Ohio Unemployment Compensation Board of Review and determining that Nancy Shepherd, appellee, is eligible for unemployment compensation benefits.

Appellant assigns the following error:

"The lower court erred to the prejudice of the appellant in reversing the decision of the unemployment compensation board of review where such decision was not unreasonable, unlawful, or against the manifest weight of the evidence."

In 1977, appellee began working for the Anchor Hocking Corporation, which later became known as Wearever–Proctor Silex, Inc. On April 15, 1988, appellee was placed on medical leave and received disability income in the amount of $153 a week. These payments were made by the Connecticut General Insurance Company under a disability insurance policy with Wearever–Proctor Silex, Inc. Appellee returned to work on February 2, 1989 and was eventually laid off on May 25, 1989. On May 30, 1989, appellee filed an application for unemployment compensation benefits.

Appellee's application was denied by appellant, both initially, and on reconsideration. Following a telephone hearing before a referee of the Unemployment Compensation Board of Review, the referee issued a decision affirming appellant's denial of unemployment compensation benefits on the basis that appellee had insufficient qualifying weeks in either her regular base period or her alternate base period to be eligible for unemployment compensation benefits. By decision issued November 8, 1989, the board of review disallowed appellee's application to institute further appeal. Appellee appealed the

decision of the board of review to the Pike County Court of Common Pleas pursuant to R.C. 4141.28(O). On November 5, 1990, the court below determined that the board of review erroneously excluded weeks during which appellee received disability payments from its calculation of qualifying weeks, and, thus, reversed and vacated the decision of the board of review.

Appellant's sole assignment of error on appeal asserts that the court below erred in reversing the decision of the board of review where such decision was not unreasonable, unlawful, or against the manifest weight of the evidence.

This court's role in the appellate process involving an administrative appeal is far more limited than that of the trial court. The Ohio Supreme Court in *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264 held as follows at 260–261, 533 N.E.2d at 267:

"In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion ' * * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' *State ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster* (1986), 22 Ohio St.3d 191, 193, 22 OBR 275, 277, 489 N.E.2d 288, 290. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685."

With this limited role of appellate review in mind, we now proceed to analyze the merits of the instant appeal.

The burden of proof is upon the claimant to establish the right to unemployment compensation benefits under the unemployment compensation law of Ohio. *Irvine v. Unemployment Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 17, 482 N.E.2d 587, 589; *Krawczyszyn v. Ohio Bur. of Emp. Serv.* (1989), 54 Ohio App.3d 35, 36, 560 N.E.2d 807, 809. Pursuant to R.C. 4141.01(R), a claimant is eligible for unemployment compensation benefits when the individual is (1) unemployed, (2) has been employed at least twenty qualifying weeks within the base period, and (3) has earned remuneration at the statutory rate during those weeks.

A "qualifying week" means any calendar week in an individual's base period where the claimant earns or is paid remuneration in employment. R.C. 4141.01(O)(1). Under appellee's applicable base and alternate base periods, see R.C. 4141.01(Q), it is clear that appellee had at least fifteen of the twenty qualifying weeks necessary to be eligible for unemployment compensation.

The dispositive issue in the case at bar is whether the weeks in which appellee received disability income payments, *i.e.*, April 15, 1988 through February 2, 1989, represented additional qualifying weeks in order to make appellee eligible.

The referee of the board of review determined that the disability income received by appellee did not meet the statutory definition of "remuneration" and, consequently, the weeks in which appellee received disability income did not constitute "qualifying weeks." R.C. 4141.01(H)(1) provides as follows:

" 'Remuneration' means all compensation for personal services, including commissions and bonuses and the cash value of all compensation in any medium other than cash, except that in the case of agricultural or domestic service, 'remuneration' includes only cash remuneration. * * * [p]rovided that 'remuneration' does not include:

"(a) Payments as provided in divisions (b)(2) to (b)(16) of section 3306 of the 'Federal Unemployment Tax Act,' 84 Stat. 713, 26 U.S.C.A. 3301, as amended[.]" .

Appellant initially claims that the trial court abused its discretion in holding appellee's disability income payments constituted "remuneration" pursuant to R.C. 4141.01(H)(1) because disability income is "not payment for personal services". This is the same position taken by the referee of the board of review, who, in his September 21, 1989 decision upholding appellant's denial of benefits stated that "[d]isability income is not compensation for personal services, it is a form of compensation for those unable to perform personal services."

R.C. 4141.46 provides that the unemployment compensation statutes shall be "liberally construed" in favor of the person to be benefited. See, *e.g.*, *Johnson v. Bur. of Emp. Services* (1990), 48 Ohio St.3d 67, 70, 549 N.E.2d 153, 156. However, we are further aware that a direction to liberally construe a statute in favor of certain parties will not authorize a court to read into the statute something which cannot reasonably be implied from the language of the statute. See *Szekely v. Young* (1963), 174 Ohio St. 213, 22 O.O.2d 214, 188 N.E.2d 424, second paragraph of the syllabus, as cited in *Johnson, supra*, at 70, 549 N.E.2d at 156.

The issue here is whether disability income, received by an employee pursuant to an employer's disability insurance policy for its employees constitutes "remuneration." R.C. 4141.01(H)(1) broadly encompasses "*all* compensation for personal services" within the statutory definition of "remuneration." (Emphasis added.) At least one Ohio appellate court has held that vacation pay constitutes remuneration although the employee performs no

services while on vacation. See, *e.g., DeGenova v. Bd. of Review* (1985), 24 Ohio App.3d 125, 24 OBR 196, 493 N.E.2d 287; cf. *Budd Co. v. Mercer* (1984), 14 Ohio App.3d 269, 14 OBR 298, 471 N.E.2d 151. In *Bilankov v. Unemp. & Disab. Ins. Div. Rev. Bd.* (1983), 190 N.J.Super. 370, 463 A.2d 957, the Appellate Division of the Superior Court of New Jersey held that a monthly displacement allowance received by an unemployment compensation claimant constituted earned "remuneration" within the contemplation of New Jersey's unemployment compensation law, and therefore, the claimant had accumulated sufficient earnings during his base year to qualify for benefits. Like R.C. 4141.01(H)(1), New Jersey's applicable statute defines "remuneration" as "all compensation for personal services." The *Bilankov* court emphasized the following at 375, 463 A.2d at 960, in holding that the monthly displacement allowance constituted remuneration:

"Finally, and perhaps most importantly, the displacement allowance is subject to federal and state taxes. At the hearing before the Appeal Tribunal, plaintiff testified that federal and state taxes as well as state unemployment insurance were deducted from his monthly allowance and that the allowance was treated as earned income on his income tax return.

" * * *

"Such statutory treatment by the federal government of the allotment as earned income for taxation purposes virtually compels the conclusion that it be treated similarly for unemployment compensation purposes."

Similarly, appellee testified in her September 18, 1989 telephone hearing before the referee of the board of review that her disability income payments were subject to taxation.

In *Groce v. Review Bd. of Ind. Employ. Serv. Div.* (Ind.App.1984), 463 N.E.2d 505, an Indiana appellate court held that an employer's payments pursuant to a benefit plan involving temporary absence from work due to sickness with the expectation that the disabled employee receiving disability benefits would eventually return to work should be considered as remuneration accumulated for wage credit purposes. Analogously, appellee returned to work after receiving approximately nine and one-half months of disability income.

Accordingly, in liberally construing R.C. 4141.01(H)(1) and in light of *DeGenova, Bilankov,* and *Groce, supra,* we are persuaded that appellee's disability income constituted "remuneration" since the disability benefits provided by Wearever–Proctor Silex, Inc.'s insurance policy constituted part of the "compensation for personal services rendered" by its employees, including appellee. As noted by appellee, the fact that Ohio Adm.Code 4141–9–04 defines the term "remuneration" to include "vacation pay or allowance, separation pay, holiday

pay, paid absence allowance * * *" further supports the lower court's conclusion.

Appellant additionally contends that appellee's disability benefits were specifically excluded from the statutory definition of "remuneration" pursuant to R.C. 4141.01(H)(1)(a) which excludes "[p]ayments as provided in divisions (b)(2) to (b)(16) of section 3306 of the Federal Unemployment Tax Act, 84 Stat. 713, 26 U.S.C.A. 3301, as amended." Appellant claims that under the foregoing Act, payments to an employee or any of his dependents under an employer-established plan or system for his employees generally made on account of "sickness or accident disability" are excluded pursuant to Section 3306(b)(2)(A), Title 26, U.S.Code. However, as appellee and the court below state, such exception is limited since Section 3306(b)(2)(A) explicitly notes that "in the case of payments made to an employee or any of his dependents, this subparagraph shall exclude from the term 'wages' *only payments which are received under a workmen's compensation law.*" (Emphasis added.) In the instant case, appellee's disability payments were received pursuant to Weaver–Proctor Silex, Inc.'s insurance policy and not pursuant to any workers' compensation law. Therefore, appellee's disability payments constituted "remuneration" and the weeks she received such payments constituted additional "qualifying weeks" to be added to her "base period" and "alternate base period" in order to determine her eligibility for unemployment compensation benefits.[1]

Accordingly, the trial court did not abuse its discretion in determining that the board of review's decision denying appellee's application to institute further appeal was erroneous. In essence, the board's definition of remuneration presented a question of law which it incorrectly answered. The trial court properly addressed a legal question by defining remuneration to include private disability payments.[2] For the foregoing reasons, appellant's assign-

---

1. As noted by appellee, Section 3306(b)(4)'s exclusion from the federal term "wages" of any payment on account of "sickness or accident disability" after the expiration of six calendar months following the last month in which the employee worked for such employer would not affect appellee's eligibility in the case at bar since the six months of disability benefits that would be included in appellee's "remuneration" would be sufficient to give her the necessary "qualifying weeks" in her "base period." Additionally, we note that appellant relies only on the Section 3306(b)(2) exclusion in its argument on appeal.

2. The lower court determined that the R.C. 4141.01(H)(1)(a)—Section 3306(b)(2) exception did not apply to appellee's disability benefits for the following reasons: (1) they were not made on account of sickness or accident disability, (2) they were not made under a plan established by an employer which makes provision for his employees generally, and (3) they were not payments received under a workers' compensation law. We agree with appellant that the common pleas court's first two reasons were erroneous given the evidence in the administrative file. However, it is axiomatic that a reviewing court is not authorized to

ment of error is overruled, and the judgment entered by the court below is affirmed.

*Judgment affirmed.*

Stephenson, P.J., and Peter B. Abele, J., concur.

reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof. *Joyce v. General Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174. Since we have determined that the lower court's last reason for not applying the Section 3306(b)(2) exception to the instant case was proper, no reversal is mandated.